UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Peter Walden,
     Plaintiff

     v.                                    Civil No. 05-cv-455-SM
                                            Opinion No. 2007 DNH 050
City of Nashua; Donald Gross;
Eric Nordengren; Joshua Albert;
Michael Dore; Todd Moriarty;
and John and Jane Doe,
     Defendants


**O R D E R**

Peter Walden brought this suit against the City of Nashua, Nashua police chief Donald Gross, Nashua police detective Eric Nordengren, and Nashua police officers Joshua Albert, Michael Dore, Todd Moriarty, and John and Jane Doe, alleging violations of his federal civil rights as well as related state claims.  See generally 42 U.S.C. § 1983.  Defendants move to dismiss all claims against them, asserting that Walden has failed to provide answers to interrogatories and has failed to comply with the court's order compelling him to provide such answers.  Walden has not responded to the motion to dismiss.

**Applicable Law**

The court has discretion to impose sanctions for failure to comply with discovery orders, including dismissal of the

underlying action.  See FED. R. CIV. P. 37(b); Malot v. Dorado Beach Cottages Assocs. S. En C. Por A., S.E., 2007 U.S. App. LEXIS 3945, *7 (1st Cir. Feb. 23, 2007).  Generally, "a case should not be dismissed with prejudice except 'when a plaintiff's misconduct is particularly egregious or extreme.'"  Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006) (quoting Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir. 1995)).

The Court of Appeals has provided a non-exhaustive list of substantive factors that ought to be considered before imposing sanctions, including "'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'"  Id. at *9 (quoting Benitez-Garcia, 468 F.3d at 5).  The appellate court also noted the importance of procedural considerations, such as the adequacy of notice and the nonconforming party's opportunity to be heard. Id. (citing Benitez-Garcia, 468 F.3d at 5).

**Background**

A review of the record reveals that interrogatories were first presented to Walden on April 24, 2006, through his

attorney.  On June 9, 2006, Walden's attorney notified opposing counsel that he intended to withdraw from the case and that he would forward the interrogatories to Walden that same day.[1]

Having received no answers to the interrogatories, on July 13, 2006, defendants' counsel contacted plaintiff by letter. Walden did not respond.  Defendants' counsel mailed a second letter to Walden, along with a duplicate copy of the interrogatories, on August 10, 2006, and again, Walden failed to respond.  Subsequently, on September 12, 2006, defendants filed a motion to compel Walden to answer the served interrogatories within ten days (document no. 18).[2]  That motion was granted by Magistrate Judge Muirhead on October 13, 2006.

Despite the court's order, Walden has still not provided answers to defendants' interrogatories, and, consequently, the defendants move to dismiss the case.

---

[1] Walden's attorney formally withdrew from the case on July 10, 2006 (document no. 16), and Walden contemporaneously entered his pro se appearance (document no. 17).

[2] Local Rule 37.l(b) provides that "[w]hen the court rules on a discovery motion, the discovery requested or relief sought shall be provided within ten (10) days of the court order, unless the order specifies a different time."

**Discussion**

The record reveals that Walden has had ample opportunity to comply with the defendants' discovery requests and the court's subsequent order compelling him to do so.  Despite having had the interrogatories since, at the latest, August 10, 2006, Walden has neither provided answers nor raised any objection.  Moreover, Walden has proffered no explanation or excuse for his non-responsiveness, and has even failed to respond to defendants' motion to dismiss.  Indeed, there has been no communication from Walden concerning this case since he entered his pro se appearance on July 10, 2006.[3]

Dismissal with prejudice is a uniquely harsh sanction for noncompliance with a discovery order, and a single instance of noncompliance does not generally warrant dismissal.  See Malot, 2007 U.S. App. LEXIS 3945, *10 (1st Cir. Feb. 23, 2007) (". . .

---

[3] The court recognizes that during the pendency of this case, Walden, a state inmate, was moved from the New Hampshire State Prison in Concord to the Northern New Hampshire Correctional Facility in Berlin, where he now apparently resides. Although his relocation might have delayed Walden's receipt of notices related to this case, and, thus, partially contributed to Walden's failure to respond in a timely way, Local Rule 83.6(e) mandates that a party "who has appeared before the court on a matter is under a continuing duty to notify the clerk's office of any change of address and telephone number. Counsel or pro se parties who fail to provide the clerk's office with their current address . . . are not entitled to notice." And, there does not appear to be any legitimate reason for Walden's complete lack of communication.

4

we recently noted that we were unable to find a case in this circuit in which we had upheld a dismissal with prejudice based on a single instance of noncompliance with a discovery order"). In this case, Walden has had numerous opportunities to comply with defendants' reasonable discovery requests, as well as the magistrate's order compelling compliance, but he has, nevertheless, failed or refused to do so.

Walden's disregard for the discovery process and the orders of this court, along with his lack of objection to the defendants' motion to dismiss, and general failure to prosecute this case, taken together, demonstrate that he is no longer interested in pursuing his claims against the defendants. Accordingly, dismissal is an appropriate and justifiable sanction.

### Conclusion

For the foregoing reasons, defendants' motion to dismiss (document no. 19) is granted, and plaintiff's claims are dismissed with prejudice.  The clerk of court shall enter judgment accordingly and close the case.  A copy of this order shall be mailed to plaintiff at his current address at the Northern New Hampshire Correctional Facility in Berlin, New Hampshire.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 13, 2007

cc: Peter Walden, pro se
    Donald E. Gardner, Esq.
    Brian J. S. Cullen, Esq.